The Disciplinary Review Board having filed with the Court its decision in DRB 16-345, recommending on the record certified to the Board pursuant to Rule 1:20-4(f)(default by respondent) that **276 MARC D'ARIENZO, formerly of BRADLEY BEACH, who was admitted to the bar of this State in 1993, and who has been suspended from the practice of law since August 22, 2016, by Order of the Court filed July 22, 2016, be disbarred for unethical conduct charged in a five-count formal complaint for multiple violations of RPC 1.1 (gross neglect), RPC 1.3 (lack of diligence), RPC 1.4(b) (failure to communicate with client), RPC 1.4(c) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), RPC 1.15(d) (recordkeeping violations), RPC 1.16(d) (failure to protect a client's interests on termination of the representation), RPC 3.2 (failure to expedite litigation), RPC 3.3(a)(1) (making a false statement of material fact or law to a tribunal), RPC 3.3(a)(5) (failure to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal) RPC 3.4 (knowingly disobeying an obligation under the rules of tribunal), RPC 8.4 (c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and RPC 8.4(d) (conduct prejudicial to the administration of justice);
And MARC D'ARIENZO having been ordered to show cause why he should not be disbarred or otherwise disciplined;
And respondent having been directed to submit to the Court verification of the truth of factual assertions in his answer to the formal complaint and of his assertions to the Court, and respondent having failed to do;
And good cause appearing;
It is ORDERED that MARC D'ARIENZO be disbarred, effective immediately, and that his name be stricken from the roll of attorneys of the bar of this State;
*413 ORDERED that MARC D'ARIENZO be and hereby is permanently restrained and enjoined from practicing law; and it is further
ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained **277 by MARC D'ARIENZO pursuant to Rule 1:21-6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further
ORDERED that MARC D'ARIENZO comply with Rule 1:20-20 dealing with disbarred attorneys; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.